UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LINDA DiLEO,                                                            :

                Plaintiff,                     :      **COMPLAINT & JURY**

  -   against  -                                                       :      **DEMAND**

HON. ROBERT WILKIE, Secretary of the U.S. Department of Veteran Affairs,   :      Civil Action No.

                Defendant.                     :      _____
------------------------------------------------------------------------X

By and through Plaintiff Ms. Linda DiLeo's attorney, Jimmy M. Santos, Esq., hereby avers in this complaint and jury demand against defendant as follows:

## I.     THE PARTIES, JURISDICTION & VENUE

1.     Plaintiff Ms. Linda Dileo ("Plaintiff" or "Ms. DiLeo") is a female who resides at 61 Preston Avenue, Staten Island, New York 10312.

2.     Defendant Robert Wilkie, in his capacity as Acting Secretary of U.S. Department of Veteran Affairs (the "VA" or "defendant") is the proper party to be sued in this action although the real party-in-interest id the VA. The VA employed and continues to employ Ms. Dileo at the VA's NY Harbor Healthcare System.

3.     At all relevant times, the VA was and continues to be Plaintiff's employer as that term is found and defined under the Equal Pay Act of 1963, 29 USC secs. 206, *et seq.* (or, the "EPA" or "Equal Pay Act"), and Title VII of the Civil Rights Act of 1964, *as amended*, 42 USC secs 2000e, *et seq.* (or, "Title VII").

4. At all relevant times, the VA had and continues to have twenty (20) or more employees.

5. At all relevant times, Ms. DiLeo worked and continues to work as Supervisor of the VA's blood bank at the Brooklyn, NY Campus (or, the "VA Brooklyn Campus") of the VA's NY Harbor Healthcare System.

6. The VA Brooklyn Campus is located at 800 Poly Place, Brooklyn, NY 11209, which is part of the VA's NY Harbor Healthcare System, which is also comprised of the VA's NY (Manhattan) Campus (or, the "VA Manhattan Campus") located at 423 E 23rd Street, New York, NY 10010, and the VA St. Albans Community Living Center located at 179-00 Linden Blvd., Jamaica, NY 11425.

7. At all relevant times, members of the VA's management (the "VA Management") had the authority and power to affect the terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of Mr. Nathan Venka ("Mr. Venka"), Ms. DiLeo's male counter-part who has supervised and continues to supervise the blood bank at the VA Manhattan Campus since in or about June 2017.

8. At all relevant times, upon information and belief, Dr. Rosemary L Wieczorek ("Dr. Wieczorek") (Chief of Pathology & Laboratory Services) had the authority and power to affect the terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of Mr. Venka.

9. At all relevant times, upon information and belief, Dr. Curt E. Dill ("Dr. Dill") (Deputy Chief of Clinical Staff), had and continues to have the authority and power to affect the terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of Mr. Venka.

10. At all relevant times, Plaintiff was not required to exhaust any administrative remedy as to her claims of unequal pay for equal work under the EPA.

11. After going through the VA's informal EEO process in which Ms. DiLeo complained that the VA subjected her to reprisal for her engaging in prior EEO activity and Ms. unequal terms and conditions of that of Plaintiff vis-à-vis Mr. Venka (Plaintiff's male comparator) on the basis of her gender (being female), Plaintiff filed a formal EEO complaint with the VA's Office of Resolution Management (the "VA's ORM") on or about October 22, 2018.

12. More than One Hundred Eighty (180) days have lapsed since Plaintiff filed her formal EEO complaint with VA's ORM. To date, the VA has not rendered any final agency decision with respect to Plaintiff's claims of retaliation, disparate treatment and disparate salary/pay based on gender, and thus, Plaintiff has exhausted her administrative remedies under Title VII.

13. This Court has subject matter jurisdiction over Ms. DiLeo's claims under the EPA pursuant to 42 USC secs. 1331 and 1343.

14. Venue is proper in this judicial district (the "EDNY") since all of defendant's unlawful employment practices and decisions alleged herein, and/or the adverse effects from these practices and decisions regarding the terms and conditions of Plaintiff's employment with the VA took place, were committed and/or occurred in this judicial district pursuant to 28 USC sec. 1391.

## II.     FACTUAL ALLEGATIONS AS TO HER CLAIMS

### A.     Plaintiff's Claims Under The EPA & Title VII

15.     In or about 1986, defendant hired Ms. DiLeo to serve as Blood Bank Supervisor for the VA's Brooklyn Campus (or, the "Brooklyn Blood Bank Supervisor").

16.     At all relevant times since 1986 until the present, Plaintiff has performed all her job duties in a more than satisfactory manner, diligently and competently. Defendant has repeatedly issued excellent job evaluations to Ms. Dileo for the work she has performed for the Brooklyn VA's Blood Bank.

17.     In or about June 2017, defendant hired Mr. Venka to serve as the *de facto* Blood Bank Supervisor of the Manhattan VA Blood Bank (or, the "Manhattan Blood Bank Supervisor").

18.     Upon information and belief, Ms. DiLeo has the same, substantially the same, or more years of work experience as a Blood Bank Supervisor at the VA in comparison to Mr. Venka's work experience as a blood bank supervisor.

19.     Upon information and belief, Ms. DiLeo has the same, substantially the same and/or better qualifications, educational background, work experience and training, to serve as a Blood Bank Supervisor for the VA in comparison to Mr. Venka's education, work experience and training.

20.     At all relevant times, since June 2017 when Mr. Venka was hired by defendant to serve as Blood Bank Supervisor at the VA's Manhattan campus, both Ms. DiLeo and Mr. Venka have directly reported and continue to report to Dr. Wieczorek, Dr. Dill, and, at certain relevant times, to Mr. Curtis Johnson ("Mr. Johnson").

21. At all relevant times, since June 2017 when Mr. Venka was hired by defendant to serve as the VA's Manhattan Blood Bank Supervisor, both Ms. DiLeo and Mr. Venka have been responsible for a full range of administrative, technical and professional duties for the Brooklyn Blood Bank and Manhattan Blood Bank respectively.

22. At all relevant times, since June 2017 when Mr. Venka was hired as the VA's Manhattan Blood Bank Supervisor, Ms. DiLeo and Mr. Venka have performed the same, and/or substantially the same job duties and functions as Brooklyn Blood Bank Supervisor and Manhattan Blood Bank Supervisor respectively, which included but was not limited to:

   a. evaluating the work performance their subordinates at their blood banks;

   b. assigning specific tasks to their subordinates at the blood bank based on the priorities at their respective blood banks and their subordinates' capabilities;

   c. establishing performance standards for their subordinates and making recommendations to Plaintiff's superiors with respect to issuing awards and promotions to any of their subordinates;

   d. counseling their subordinates on technical, professional, and administrative matters related to their subordinates' work performance;

   e. overseeing the quality, distribution and servicing of <u>all</u> blood products coming from their blood bank to the different VA hospital departments;

   f. hearing and resolving complaints from their subordinates, and referring unresolved complaints to Dr. Pincus;

   g. issuing disciplinary measures, such as warnings and reprimands, to their subordinates when necessary;

  h. assessing blood bank employee and equipment needs and investigating sources for obtaining the necessary resources and employees;

  i. ensuring that errors made by their subordinates and blood bank equipment are kept to a minimum;

  j. establishing and maintaining communication and coordination with other federal and state agencies, accrediting organizations, academic institutions, and professional organizations in order to maintain current knowledge, keep abreast with new developments within the specialties and/or different departments at their VA hospitals;

  k. review and ensure that the blood bank manuals are complete and technically accurate;

  l. ensuring that their established blood bank protocols strictly adhere or exceed the standards of the various accrediting agencies (e.g., AABB, CAP, JCAHO, FDA), and ensuring compliance with FDA, AABB, JCAHO and CAP standards necessary for accreditation;

  m. planning, coordinating and implementing quality control programs for their blood banks;

  n. coordinating and participating in training their subordinates at their blood banks;

  o. collaborating with and advising Plaintiff's superiors and other VA staff on appropriate blood administration filters to ensure maintenance of optimum safety of blood transfusion products vis-à-vis VA patients' needs;

  p. consulting and advising attending and primary care physicians on the probable safety of transfusion when serologically incompatible blood is the only resource

available for transfusion (e.g., for patients with drug-induced or idiopathic autoimmune hemolytic anemia, where transfusion is essential for life);

  q. making sure that adequate blood, blood components and supplies are available for patient care;

  r. evaluating the budget needs of each respective blood bank;

  s. having responsibility for the accurate collection of blood bank workload data for administrative reports issued to VA Management; *and*

  t. preparing guidelines to properly direct their respective blood banks' operations and coordinating the preparation, maintenance, review and revisions of the laboratory procedure manuals.

  23. From June 2017 until in or about June 2018, when defendant retaliated against Ms. DiLeo for engaging in prior EEO activity, and engaged in further gender discrimination as set forth below, Ms. DiLeo had the same, substantially the same or a greater workload in comparison to Mr. Venka's workload, despite the fact that Ms. DiLeo has had to work more hours than Mr. Venka and she frequently has gone to work at the blood bank on Saturdays.

  24. Upon information and belief, defendant has and continues to deny Plaintiff's requests for additional staff at the VA's Brooklyn Blood Bank; *whereas*, defendant includes Mr. Venka, Plaintiff's male counter-part at the VA's Manhattan Blood Bank, to participate in the hiring of new staff for his blood bank.

  25. At all relevant times, as a result of the VA's denial of Plaintiff's request to participate in the hiring process of applicants to work at the VA's Brooklyn Blood Bank and hire additional staff, Ms. DiLeo has complained that the VA hires an insufficient number of qualified

staff to work at her blood bank which poses an actual or potential detriment to VA patient care, safety and health.

26.     Upon information and belief, at all relevant times, the VA has not allowed her any role in the hiring process, *in contrast to* the VA's allowing Mr. Venka to participate significantly in hiring of his staff at his blood bank.

27.     Upon information and belief, at all relevant times since June 2017 when Mr. Venka was hired, defendant has paid Mr. Venka substantially more annual salary than the salary paid to Ms. DiLeo on the basis of her gender despite the fact that:

(a)     Ms. DiLeo has the same, substantially the same or better qualifications and work experience to serve as a Blood Bank Supervisor than Mr. Venka;

(b)     Ms. DiLeo performed the same or substantially the same (or even a greater number of) actual job duties as did Mr. Venka; *and*

(c)     Ms. DiLeo's workload and work conditions at the VA's Brooklyn Blood Bank was the same, substantially the same, or actually inferior in comparison to those of Mr. Venka at the Manhattan VA Blood Bank.

28.     Upon information and belief, no other factor is used by the VA other than Ms. DiLeo's gender which is the cause of the salary differential between Ms. DiLeo and Mr. Venka.

**B.     Plaintiff's Claims for Retaliation & Further Gender Discrimination Under Title VII**

29.     In or about late May or early June 2018 ("Meeting I"), at a meeting where Dr. Dill (Deputy Chief of Clinical Staff), Ms. Manola DeMunda (Regional Lab Manager (Buffalo, NY)), and Dr. Wieczorek (Chief of Pathology & Laboratory Services), all members of VA Management, and other staff from the Brooklyn Campus (including Plaintiff) were present, VA

Management advised that there would be a reduction of personnel at the Brooklyn Campus.

30. At meeting I, VA Management advised that some of the Brooklyn staff would be sent to the VA's Manhattan Campus, including staff of the blood bank at the Brooklyn Campus.

31. At Meeting I and a subsequent meeting ("Meeting II") which occurred in or about the middle of June 2018 at which Ms. DiLeo was present with certain members of VA Management, Plaintiff raised concerns that the understaffing of the Brooklyn blood bank would endanger the health and safety of VA patients requiring of Brooklyn blood bank services.

32. Upon information and belief, from in or about June 2018 to the present, all or certain members of VA Management knew that Ms. DiLeo had previously filed an EEO complaint with the VA and a case in federal court under the Equal Pay Act and Titkein from in or about from 2014 to 2016.

33. Since Meeting I, all or certain members of VA Management have retaliated against Ms. DiLeo and/or subjected her to reprisal on the basis of her prior EEO activity in which she raised claims against the VA for gender discrimination and pay discrimination and disparate work conditions on the basis of her gender (female) under the Equal Pay Act.

34. Specifically, since Meeting I, certain or all members of VA Management retaliated against and subjected Ms. DiLeo to additional gender discrimination by including the following (this list is not exhaustive):

(a) excluding her from decision-making regarding personnel changes of the Brooklyn VA blood bank of which she previously supervised;

(b) requiring that Plaintiff work double shifts, _whereas_, no such requirement was made for Mr. Venka, the Manhattan blood bank's Supervisor;

9

(c) excluding Ms. DiLeo from decisions related to scheduling the shifts of personnel previously under her supervision, *whereas*, upon information and belief, Mr. Venka has not been excluded from decisions related to the scheduling of shifts of his employees at the Manhattan Campus;

(d) Ms. DiLeo was required to do cross-training of personnel, *whereas*, upon information and belief, VA Management did not require Mr. Venka or other supervisory laboratory staff to do cross-training from in or about Meeting I to the present;

(e) overly scrutinizing Plaintiff's cross-training of Brooklyn blood bank and laboratory personnel from on or about July 3, 2018 until the present, *unlike* prior to Meeting I when Ms. DiLeo was not subjected to over-scrutinization;

(f) withholding from Ms. DiLeo of the work schedule for her blood bank staff, *whereas*, previously, she was specifically in charge of the scheduling of the Brooklyn blood bank staff;

(g) not including Ms. DiLeo in the decision to authorize mandatory overtime of Brooklyn blood bank staff;

(h) on July 12th, complainant learned that she had not been informed of changes to her Time & Leave, i.e., two of her employees were no longer under her supervision;

(i) on or about July 25th, *certain or all members of VA Management removed the remaining employees who Ms. DiLeo supervised, i.e., effectively stripping complainant of her supervisory function as the Brooklyn Blood Bank Supervisor*;

(j) upon information and belief, members of VA Management intended to train a lead technician, who had not previously engaged in EEO activity, from the Brooklyn Campus and have her replace Mrs. DiLeo as the Brooklyn blood bank Supervisor;

(k)     upon information and belief, VA Management deprived Ms. DiLeo from receiving an approximate sixteen percent (16%) raise in her salary; *whereas*, VA Management approved and/or have given a sixteen percent (16%) raise to employees similarly-situated to Plaintiff, including Mr. Venka who has less seniority and who has, upon information and belief, less experience than Plaintiff;

(l)     excluding Plaintiff from a recent CAP summation meeting *although she previously attended every CAP summation* since she became the Brooklyn Blood Bank Supervisor; *and*

(m)     VA Management made Mr. Venka in charge of the Blood Bank Committee although the Manhattan VA Blood Bank failed the CAP review, and his work performance is the same or inferior to that of Ms. DiLeo.

35.     In effect, defendant's acts in reprisal for her prior EEO activity as listed above (which list is not exhaustive), retaliation for her EEO/ORM complaint in October 2018 and continuing gender discrimination above constitute a *de facto* demotion of Plaintiff and were/ are designed to try to force Ms. DiLeo to resign from her position even though she has no intention of doing so.

36.     As a result of VA Management's gender discrimination, exclusion, over-scrutinization and other retaliatory acts, Ms. DiLeo has suffered from significant emotional and physical distress.

37.     Defendant's acts against Ms. DiLeo have been so egregious and rendered Plaintiff's work conditions so intolerable.

38.     As a result of defendant's retaliation against her for her prior EEO activity, retaliation for filing her EEO complaint with the VA's ORM in October 2018, and continued

gender discrimination, and disparate pay on the basis of Plaintiff's gender, Plaintiff has, and will likely continue to, suffer significant economic consequences, including lost back and front wages, as well as significant liquidated damages.

39. Defendant's acts of unequal pay for equal work were done intentionally and willfully.

40. Defendant's acts of unequal pay for equal work were malicious and wanton, and the VA should be punished and deterred, to the extent permissible under law, by imposing significant punitive and/or liquidated damages on defendant.

### AS FOR PLAINTIFF'S 1st CAUSE OF ACTION AS AGAINST DEFENDANT VA UNDER THE EQUAL PAY ACT

41. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 above.

42. As set forth in more detail above, defendant VA, through its employees' intentional acts, has paid Plaintiff significantly less than her male counterpart despite the fact that Plaintiff and her male counterpart had/have the same or substantially the same work experience, Plaintiff and her male counterpart perform/ performed the same or substantially the same job duties, and Plaintiff and her male counterpart worked/ work under the same or substantially the same conditions, in violation of the Equal Pay Act.

### AS AND FOR PLAINTIFF'S 2ND CAUSE OF ACTION AGAINST DEFENDANT VA FOR DISPARATE TREATMENT AND PAY BASED ON HER GENDER UNDER TITLE VII

43. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 42 above.

44. As set forth in more detail above, defendant VA, through its employees' intentional acts, has subjected Plaintiff to inferior terms and conditions of her employment on the basis of her gender, and have paid Plaintiff significantly less than her male counterpart despite the fact that Plaintiff and her male counterpart have and continue to have the same or substantially the same work experience, Plaintiff and her male counterpart perform and continue to perform the same or substantially the same job duties, and Plaintiff and her male counterpart work under the same or substantially the same conditions, in violation of Title VII.

### AS AND FOR PLAINTIFF'S 3RD CAUSES OF ACTION AGAINST DEFENDANT VA FOR RETALIATING AGAINST PLAINTIFF FOR HER PRIOR & EXISTING EEO ACTIVITY UNDER TITLE VII & THE EPA.

45. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 44 above.

46. As set forth in more detail above, defendant VA has retaliated against Plaintiff for filing her prior EEO activity, her EEO complaint in October 2018 and for her opposing unlawful gender discrimination and unequal pay for equal work in comparison to her male counterpart in violation of both Title VII and the EPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court empanel a jury of her peers, and enter judgment against defendant VA as follows, and in an amount to be determined at trial, inclusive but not limited to:

   (a) an award of damages for all back and front wages, in an amount to be determined at trial, owed Plaintiff due to her receiving less pay than her male counterpart for equal work, and her being subjected to gender discrimination under both the EPA and Title VII;

   (b) an award of full compensatory damages as against defendant VA for heir unlawful discriminatory acts against her in an amount to be determined at trial, including payment for Plaintiff suffering from significant physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts under Title VII;

   (c) an award of liquidated and/or punitive damages in an amount to be determined at trial as against defendant for its unlawful discriminatory and retaliatory acts against Plaintiff under Title VII;

   (d) an award of Plaintiff's reasonable attorney's fees and the costs of prosecuting this action under 42 USC sec. 1988, the Equal Pay Act, and Title VII; *and*

   (e) any such other and further relief that this Court may deem just and proper.


Dated: April 24, 2019
   Cornwall, New York

            Respectfully Submitted,

            *Jimmy M. Santos*
            _____
            Jimmy M. Santos, Esq. (JS-0947)
            LAW OFFICES OF JIMMY M. SANTOS, PLLC
            28 Wilson Place
            Cornwall, New York 12518
            Telephone: (845) 537-7820
            Fax: (845) 595-2266
            Email: jmssesq@gmail.com
            *Attorney for Plaintiff Linda DiLeo*